UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Mashama Hill ,

                Plaintiff,                       **Hon. Hugh B. Scott**

                                            07CV357

                v.                               **Report
&
Recommendation**

Paul Curcione et al.,

                Defendants.

Before the Court are the following motions: defendants' motion for summary judgment (Docket No. 45); plaintiff's motion for summary judgment (Docket No. 47); plaintiff's motion to compel (Docket No. 57).

## Background

The plaintiff, Mashama Hill ("Hill") brings this action under 42 U.S.C. § 1983 claiming that he was assaulted by Corrections Officers Paul Curcione ("Curcione"), Jeffrey Shawver ("Shawver")[1]; and Tammy Williams ("Williams") on March 28, 2007. The plaintiff also names as defendants Christopher Aikin ("Aikin")[2] and Dr. James Honhensee based upon a claim that he was denied medical treatment.

More specifically, the plaintiff contends that he was incarcerated at the Niagara County Jail ("NCJ") on March 28, 2007. According to Hill, on that date he requested to be moved from

---

[1] The plaintiff sued Shawver as "Jeffrey Chawer").

[2] The plaintiff sued Aikin as "Chris Atkins").

1

the "Pod" in which he was housed because he was directed to perform two particular cleaning details for three consecutive days. (Docket No. 1, Statement of Facts, at ¶ 1). At approximately 11:15 p.m. that evening the "Pod" in which the plaintiff was housed was ordered to "lock in" (Docket No. 1, Statement of Facts, at ¶ 2). Hill asserts that five minutes later Curcione and Shawver approached his cell, ordered him to put on some footwear and prepare to be moved. After doing so, Hill claims that Curcione and Shawver entered his cell and handcuffed him. Hill asserts that Curcione then proceeded to strike him "in the upper torso and head area several times. (Docket No. 1, Statement of Facts, at ¶¶ 3-5). The plaintiff further contends that Curcione and Shawver then took him into the sallyport and slammed him against the wall several times. (Docket No. 1, Statement of Facts, at ¶ 6-7). At this point, Hill states that he began to resist "to prevent officers from tossing him to the floor face first." (Docket No. 1, Statement of Facts, at ¶ 8). While on the floor, Hill claims that Curcione and Shawver "had begun to tighten the handcuffs and bend his wrist solely as a means to cause injury." (Docket No. 1, Statement of Facts, at ¶ 8).[3] Also while on the floor, Hill maintains that Williams arrived and that Curcione told Williams that Hill "had been resistant causing the need to use force." (Docket No. 1, Statement of Facts, at ¶ 10). The plaintiff asserts that he insisted that the handcuffs were too tight. He claims that because he would not stop complaining, the officers put "a facemask" on him "causing his breathing to stop." (Docket No. 1, Statement of Facts, at ¶ 12). He was brought to isolation. (Docket No. 1, Statement of Facts at ¶ 13).

---

[3] The paragraphs of a complaint are typically numbered at the beginning of each paragraph. In the complaint in this case, the plaintiff placed paragraph numbers at the end of each paragraph. He numbered two consecutive paragraphs "para. 8". The above quote is included in the second of those two paragraphs.

Hill asserted that he was denied adequate medical assistance from Atkens and Hohensee. The claims asserted against Atkins and Hohensee were dismissed by Judge William M. Skretny on March 20, 2008. (Docket No. 20).

Defendants Curcione, Shawver and Williams have filed a motion seeking summary judgment on multiple grounds: (1) that the plaintiff failed to exhaust his administrative remedies; (2) that the defendants are entitled to qualified immunity; (3) that any force used against the defendant was reasonable and for the purpose of restoring order to the facility; and (4) that the plaintiff has failed to adequately allege a failure to protect claim. (Docket No. 45). The plaintiff has cross-moved for summary judgment. (Docket No. 47).

## Discussion

**Standard of Review**

Summary judgment is appropriate where there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law. See Trans Sport, Inc. v. Starter Sportswear, Inc., 964 F. 2d 186, 188 (2nd Cir. 1992) citing Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991). The non-moving party must, "demonstrate to the court the existence of a genuine issue of material fact." Lendino v. Trans Union Credit Information, Co., 970 F.2d 1110, 1112 (2nd Cir. 1992), citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). A fact is material:

> when its resolution would "affect the outcome of the suit under the governing law" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."

General Electric Company v. New York State Department of Labor, 936 F.2d 1448, 1452 (2nd Cir. 1991), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "The non-moving party must come forward with enough evidence to support a jury verdict ... and the ... motion will not be defeated merely ... on the basis of conjecture or surmise." Trans Sport, supra, 964 F.2d at 188. Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Nippon Fire & Marine Ins. Co., Ltd. v. Skyway Freight Systems, Inc., 235 F.3d 53 (2nd Cir. 2000) quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**Exhaustion of Remedies**

The defendants argue that the plaintiff has failed to exhaust his administrative remedies with respect to his claims of excessive force and failure to protect.

The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust administrative remedies before bringing suit. *See* 42 U.S .C. § 1997e(a); Johnson v. Rowley, 569 F.3d 40, 44 (2d Cir.2009). The PLRA's "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002); Harris v. Bowden, 2009 WL 3346609, 1 (2d Cir. 2009). The Supreme Court has held, "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007) (citation omitted). Moreover, the Supreme Court has held that the PLRA requires "proper exhaustion" of administrative remedies. Woodford v. Ngo, 548 U.S. 81, 101(2006). "Proper exhaustion demands compliance with an

agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Woodford, 548 at 101; *see also* Davis v. State of New York, 2009 WL 424151 (2d Cir. 2009). Thus, "filing an untimely or otherwise procedurally defective administrative grievance or appeal" does not satisfy the PLRA's exhaustion requirement. Woodford, 548 U.S. at 83-84. Moreover, it is clear that "[i]n the wake of Woodford, an inmate can no longer claim that partial exhaustion of administrative remedies is sufficient because prison officials have notice of his claim." Petrucelli v. Hasty, 2009 WL 766200 (E.D.N.Y. 2009) (citing Macias v. Zenk, 495 F.3d 37, 43 overruling Braham v. Clancy, 425 F.3d 177, 183 (2d Cir.2005)). The Second Circuit has reasoned that the "proper exhaustion" requirement is necessary because the "benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." Macias, 495 F.3d at 41. Prisoners are required to exhaust their administrative remedies "even if they believe that administrative remedies would be ineffective or futile." Johnson v. Killian, 2009 WL 1066248 (S.D.N.Y. 2009) (citation omitted); Booth v. Churner, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) ("We will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

      The NCJ maintains a three-step formal inmate grievance program consistent with Title 9 of the New York Code of Rules and Regulations. See Declaration of Suane Vendetta, Griecance Coordinator of the NCJ, Docket No. 45-8 at ¶5. Grievance forms are available in all housing units (Docket No. 45-8 at ¶ 6; 9 N.Y.C.R.R. §7032.4(d)). An inmate must submit a grievance form within five days of the act or occurrence giving rise to the grievance (Docket No. 45-8 at ¶¶ 7; 9 N.Y.C.R.R. §7032 .4(d)). If an inmate disagrees with the initial determination, he may

appeal to the facility's Chief Administrative Officer. He must file an appeal within two business days after receipt of the written determination. (Docket No. 45-8 ¶16; 9 N.Y.C.R.R. §7032.4(j)). If the inmate disagrees with the determination by the Chief Administrative Officer, he has three days to file an appeal with the Citizen's Policy and Complaint Review Council of the New York State Commission of Correction ("CPCRR"). (Docket No. 45-8 at ¶ 9; 9 N.Y.C.R.R. §7032.5(a)).

In the instant case, Hill filed a grievance, #07-061, on April 5, 2001 complaining of an assault on March 28, 2007 by Curcione and Shawver. (Docket No. 45-8 at Exhibit A, page 1). No grievance was filed against Williams. It appears undisputed that Hill's grievance against Curcione and Shawver was not filed within five days of the act giving rise to the grievance as required by the NCJ grievance program or 9 N.Y.C.R.R. §7032.4(d). The defendants rely on Price v. Engert, 589 F.Supp.2d 240 (W.D.N.Y.,2008)(Larimer, J.), a case involving similar factual circumstances. In Price, the plaintiff alleged that he was assaulted by various correctional officers on July 21, 2004. He filed a grievance on July 28, 2004 – more than five days from the incident giving rise to the grievance. The grievance was investigated and a hearing was conducted. The Grievance Officer concluded that the CERT team's response was appropriate, and that any injuries that resulted were due to Price's admitted failure to obey lawful orders, and his physical aggression toward the officers. On appeal, the Grievance Officer's determination was affirmed by the facility superintendent. A copy of the grievance filed was forwarded to the State Commission of Correction ("SCC") for appeal, but the SCC declined to process it because Price's initial grievance, submitted more than five days after the complained-of incident, was untimely. Price, 589 F.Supp.2d. at 243. The Court held:

> Price's claims against the remaining officers are also subject to dismissal for failure to exhaust administrative remedies, since it is undisputed that Price's grievance relative to the July 21, 2004 incident was not filed until July 28, 2004. As such, the grievance falls outside of the five-day limitation period prescribed by 9 N.Y.C.R.R. §7032.4(d), and it is untimely.

Price, 589 F.Supp.2d. at 246.

The plaintiff does not raise any factual issue as to the untimely filing of grievance #07-061 on April 5, 2001.[4] Instead, he argues that there was no need for him to exhaust his administrative remedies in this case because it involved a condition "that could not have been remedied by way of a grievance." (Docket No. 47 at page 7; see also Docket No. 47 at page 2 and Docket No. 48 at page 1). Such a position is contrary to the Supreme Court's holding in Porter and its progeny, which clearly requires an inmate to exhaust administrative remedies prior to asserting excessive force claims by way of a federal court action pursuant to 42 U.S.C. §1983.

Inasmuch as the plaintiff did not comply with the requirements of the NCJ inmate greivance program or 9 N.Y.C.R.R. §7032.4 by filing a grievance within five days of the date of the alleged assault, the plaintiff's excessive force claims against Curcione and Shawver should be dismissed. Price, 589 F.Supp.2d. at 246; Woodford, 548 U.S. at 83-84(holding that "proper exhaustion" under § 1997 is mandatory and cannot be satisfied "by filing an untimely or

---

[4] The defendants also note that the plaintiff failed to appeal the initial denial of his grievance within the two-day period set forth in the NCJ program and 9 N.Y.C.R.R. §7032.4(j). The initial denial of the plaintiff's grievance was dated April 13, 2007. The plaintiff did submit an appeal of this decision which he dated April 14, 2007. (Docket No. 45-8, Exhibit A, page 3). However, the defendants rejected this appeal as untimely stating that although Hill dated the form "April 14, 2007" he did not submit the form until April 25, 2007 when he submitted other grievances (unrelated to this matter). (Docket No. 45-8, Exhibit A, page 3). Because of the untimely filing, the NCJ denied any further appeal stating that the matter was "no longer grievable." (Docket No. 45-8, Exhibit A, page 3).

otherwise procedurally defective administrative grievance or appeal."). Further, inasmuch as the plaintiff filed no grievance against Williams, the plaintiff has also failed to exhaust his administrative remedies with respect to the failure to protect claim asserted in the complaint.

In light of the finding that the plaintiff has failed to exhaust his administrative remedies, the Court need not address the merits of the excessive force or failure to protect claims. It is recommended that the defendants' motion for summary judgment be granted, that the plaintiff's motion for summary judgment be denied, and that the complaint be dismissed in its entirety.[5]

**Conclusion**

Based on the above, it is recommended that the defendants' motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied and the complaint in this case be dismissed in its entirety.

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen(14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as WDNY Local Rule 72(a)(3).**

---

[5] The plaintiff has also moved to compel discovery from the defendants. (Docket No. 57). In light of the above recommendation that the complaint be dismissed based upon the plaintiff's failure to exhaust his administrative remedies, the plaintiff's motion to compel is moot.

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and WDNY Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to WDNY Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

                                                            */s/ Hugh B. Scott*
                                                        United States Magistrate Judge
                                                        Western District of New York

Buffalo, New York
February 21, 2010