UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Mashama Hill ,

                              Plaintiff,

                                                    **Hon. Hugh B. Scott**

                                                    07CV357

                    v.                              **Order**


Paul Curcione et al.,

                              Defendants.

      This matter has been referred to the undersigned for further proceedings.  Upon appeal of

a judgement entered on behalf of all of the original defendants in this case, the Second Circuit

held that "a genuine issue of material fact may exist as to the timeliness of Hill's appeal from the

April 13, 2007 decision of the Grievance Coordinator." (Docket No. 80 at page 13).

Subsequently, this Court issued a scheduling order allowing for discovery as to the timeliness

issue and for the filing of motions. (Docket No. 82).  The plaintiff served a request for discovery

upon the defendants (Docket No. 83). The plaintiff then filed a motion to compel discovery on

January 19, 2012 (Docket No. 84).  The defendants filed a motion for summary judgment

(Docket No. 86) and responded to the plaintiff's motion to compel (Docket No. 88). The plaintiff

filed various replies with respect to the motion to compel (Docket No. 89 and 91).

      With respect to the defendants' motion for summary judgment, the Court set a briefing

schedule directing that the plaintiff respond to the motion for summary judgment by March 1,

2012. (Docket No. 87). In response to the defendants' motion for summary judgment, the

plaintiff submitted a cross-motion for summary judgment dated February 27, 2012. Attached to

the plaintiff's motion papers were approximately 80 pages of exhibits. (Docket No. 93).[1]   On

March 5, 2012, the plaintiff filed a notice to the Court stating that he is now in federal custody

and that his papers relating to this case (and others) have been taken by the United States

Marshal's Office. (Docket No. 90).[2]

       As an initial matter, as discussed below, the plaintiff has developed the practice of

submitting one document to the Court that relates to more than one of his federal court cases

(See Docket Nos. 90 and 92). This practice causes significant confusion and heightens the

possibility that the plaintiff's filings will be misfiled. Moreover, such a practice is in violation of

Rule 5.2(g) of the Local Rules for the Western District of New York, which states:

> Where a *pro se* litigant has more than one action pending, any
> motion or other papers purporting to relate to more than one action
> will not be accepted for filing, except upon a finding of good
> cause. A motion or other papers shall be directed to the issues
> raised in one action only, and shall be filed only in that action.

       Thus, the defendant is advised that each document he submits for filing with the Court

must relate to a single case, not to multiple cases. The Clerk of the Court is directed to return,

without filing, any papers submitted by the plaintiff which purport to relate to more than one

--------

   [1]   Because the plaintiff submitted this motion to the Court attached to papers relating to
another of his other cases, Hill v. Stewart, 10CV538S, the cross-motion was initially incorrectly
filed in the 10CV538S case. The cross-motion has now been filed in this matter as Docket No.
93.

   [2]   The plaintiff had previously forwarded a similar notice dated January 5, 2012, asserting
that his papers were taken by the United States Marshal. This notice was forwarded to the
undersigned by the Pro Se Office on March 7, 2012. (Docket No. 92).

civil action.

**Motion to Compel**

The plaintiff seeks to compel the defendants to produce responses to discovery demands he served upon the defendants on or about November 14, 2011, December 1, 2011 and December 16, 2011. (Docket No. 91 at page 2).[3]

Lost Documents

It appears that much of the discovery sought by the plaintiff was previously provided to the plaintiff by the defendants.  The plaintiff asserts that he no longer has that discovery due to the lapse in time and the fact that the documents he had relating to this case were taken from him when he was transported to a new facility by the United States Marshal. (Docket No. 89 at page 3).  The United States Marshal has advised the Court that the documents referred to by the plaintiff were in a plastic bin and various plastic bags mixed together with other personal property of the plaintiff (including books, magazines, pictures and clothing), and that the volume of the property exceeded the amount allowable. Thus, the Court has been advised that the material was turned over to Karen Pittman, purportedly the plaintiff's girlfriend, with the knowledge of the plaintiff. This is consistent with the plaintiff's statement in his January 5, 2012

---

[3]   Initially, the Court notes that the scheduling order issued after the Second Circuit mandate limited discovery to issues relating to the timeliness of the administrative appeal. (Docket No. 82). It appears that the discovery being sought by the plaintiff does not relate to the timeliness issue. However, the motion for summary judgment filed by the defendants also does not address the timeliness issue, but instead, seeks summary judgment based both upon qualified immunity and the substantive merits of the plaintiff's claim. (Docket No. 86). The defendants' opposition to the motion to compel is not based upon the language of the Court's scheduling order.  Thus, the Court will address the plaintiff's motion to compel even though the discovery sought does not relate to the issue of timeliness.

notice to the Court. (Docket No. 92). The Court has been advised that the United States Marshal

has notified the plaintiff and Ms. Pittman that if she were to return the plaintiff's legal papers

(but not the other excess personal property with which they were mixed) to the United States

Marshal, the United States Marshal would return the legal papers to the plaintiff at the

correctional facility at which he is residing. It is the plaintiff's responsibility to follow up on

efforts to accomplish the return of papers from Ms. Pittman.


    Disputed Discovery Requests

       The plaintiff's initial motion to compel dated December 23, 2011 states that the

defendants had not responded at all to his three discovery demands (Docket No. 84 at page 1). It

appears that the defendants responded to the plaintiff's discovery demands on February 2, 2012.

(Docket No. 88-1, Exhibits A-E). In his reply (Docket No. 91), the plaintiff identifies certain

issues as being outstanding. For example, the plaintiff seeks the Niagara County Jail Use of

Force Policy. (Docket No. 91 at page 4). The plaintiff acknowledges that this document was

previously provided to him, but states that it was provided several years ago and he no longer has

all of his legal papers. Thus, he asks that another copy be provided to him. (Docket No. 91 at

page 4). In as much as this document had previously been produced to the plaintiff, and in the

interests of expediting this matter, the defendants are directed to provide another copy to the

plaintiff. Similarly, the plaintiff asks for a copy of the "policy for punitive segregation unit intake

property searching and re-issuing" (Docket No. 91 at page 6). The defendants objected to this

request for security reasons, but represented that they did previously produce certain responsive

documents relating to this request to the plaintiff on August 19, 2008. (Docket No. 88-1 at page

4

24). Again, in the interest of expediting this case, the defendants are directed to provide the plaintiff with another copy of the documents previously provided. Lastly, the plaintiff asks for copies of various medical records (relating to the plaintiff). (Docket No. 91 at pages 6-7). The defendants assert that the plaintiff has not executed a HIPPA release, and that in any event, all of the medical documents in the defendants' possession have been previously produced to the plaintiff. (Docket No. 88-1 at pages 14-15). The plaintiff is directed to provide the defendants with another executed HIPPA release form. Upon receiving the executed release form, the defendants shall provide the plaintiff with another copy of the medical records in their possession. It is noted that the plaintiff appears to seek medical records relating to as far back as 1998 and also records from his incarceration at the Fishkill Correctional Facility, the Attica Correctional Facility, as well as other correctional facilities and hospitals. (Docket No. 91 at page 7). The defendants need only produce the documents in their possession, custody or control.

Hill seeks a copy of the "hand-held video recording, & punitive segregation unit escort & [New York State Department of Correctional Services Directive] 4943". (Docket No. 91 at page 4). The defendants state that the plaintiff's escort involved in this case was not recorded. (Docket No. 88-1 at page 4). In any event, notwithstanding the defendants' objection to these requests for security reasons, the defendants represent that there are no documents responsive to the plaintiff's respective demand for a hand-held video-recorder policy, the policy for monitoring punitive segregation unit escorts, or Directive 4943. (Docket No. 88-1 at pages 12-13). The plaintiff has not demonstrated that the defendants' representation that they are not in possession of these documents is not accurate. The plaintiff also asks for a copy of the "policy for sallyport door operation" (Docket No. 91 at page 4). Again, the defendants objected to the request based

5

upon security concerns, but represented that there are no documents that are responsive to this request. Again, the plaintiff has not demonstrated that this response is not made in good faith.

Finally, the plaintiff seeks copies of all grievances or complaints written against the defendants alleging harassment, assault, excessive force or abuse of authority by the defendants. (Docket No. 91 at page 7). Similarly, the plaintiff seeks copies of the criminal records of each defendant relating to a conviction of violence, or substance abuse. (Docket No. 91 at page 9). The defendants object to these requests citing New York Civil Rights Law §50-a.  In federal civil rights cases, issues of privilege are governed by federal, not state, law.  It is undisputed that under federal law, New York Civil Rights Law § 50-a does not prohibit discovery of police personnel documents. Martin v. Lamb, 122 F.R.D. 143, 146 (W.D.N.Y. 1988 ).  That does not mean that the state statute is to be given no effect. According to the New York State Court of Appeals, the legislative intent underlying the enactment of §50-a was enacted to prevent time consuming and perhaps vexatious investigation into irrelevant collateral matters in the contest of a civil or criminal action, and to avoid embarrassment and harassment of testifying officers by cross-examination concerning "unsubstantiated and irrelevant" matters in their personnel files.  See Matter of Capital Newspapers v. Burns, 67 N.Y.2d 562 (1986). Generally, the Court will direct the production of documents contained in the personnel file of an officer only if the documents are relevant and involved disciplinary action taken against the officer.  See Diaz v. Goord, 2007 WL 2815735 (W.D.N.Y. 2007)(Payson, M.J.)(directing disclosure of documents relating to disciplinary action imposed on the defendants in connection with allegation of excessive force); Wright v. Goord, 2008 WL 2788287 (W.D.N.Y. 2008)(Payson, M.J.)(directing search of personnel files for documents relating to disciplinary action taken against defendants based upon

the use of excessive force). It is unlikely that documents relating to unsubstantiated claims of excessive force would lead to admissible evidence. See Crenshaw v. Herbert, 409 Fed.Appx. 428 (2d. Cir. 2011)(the district court did not abuse its discretion by denying plaintiff's motion to compel production of defendant's personnel file; the court properly relied on defense counsel's affirmation that the file contained no relevant disciplinary records; even if evidence of a prior *substantiated* excessive force investigation existed, on the facts of the particular case before us such evidence would be inadmissible to show that defendant acted violently in this instance). Crenshaw, 409 Fed.Appx. at 430 citing Fed.R.Evid. 404(b). See also DiRico v. City of Quincy, 404 F.3d 464 (1st Cir. 2005)(district court in arrestee's § 1983 action against police officer for injuries sustained in arrest did not plainly err in excluding evidence of an earlier arrest by officer that resulted in a complaint of use of excessive force; evidence had no special relevance to any issue in action, evidence relating to a single, unsubstantiated claim of use of excessive force had limited probative value, and admission would have created danger that jury would render verdict on improper basis that officer was prone to engaging in violent behavior.) In light of the above, the defendants are directed to produce documents relating only to any substantiated claims of excessive use of force against the defendants.

To the extent the defendants are directed to produce the documents as discussed above, the documents shall be produced to the plaintiff within 20 days of the date of this Order.

### Respective Summary Judgment Motions

As noted above, the defendants have filed a motion for summary judgment. 86). The plaintiff has already responded to the motion by way of a cross-motion for summary judgment

(Docket No. 93). The defendants shall respond to the plaintiff's cross-motion for summary

judgment by April 20, 2012.[4] The plaintiff may file a final reply relating to the motions by May

18, 2012.[5]  The motion will be deemed submitted without oral argument unless otherwise

determined upon review of the papers.

      The plaintiff is reminded that the defendants' motion seeks summary judgment

dismissing the complaint against the defendants in its entirety.  For further information, the

plaintiff is directed to the attached notice pursuant to  Irby v. New York City Transit Authority,

262 F 3d 412 (2d Cr 2001).

      So Ordered.


                  /s/ Hugh B. Scott
                  United States Magistrate Judge
                  Western District of New York

Buffalo, New York
March 30, 2012

---

[4]   The defendants have submitted excerpts from the plaintiff's deposition transcript in
support of the motion for summary judgment. To ensure an adequate record with respect to the
pending motions, the defendants are directed to provide the Court with the plaintiff's deposition
transcript in its entirety.

[5]   The Court has provided the plaintiff an extended reply period to ensure that the
plaintiff has received the documents directed to be produced above.

Revised 09/01 W.D.N.Y.

# RULE 56 MOTIONS FOR SUMMARY JUDGMENT - <u>IRBY</u> NOTICE

### (See <u>Irby v. New York City Transit Authority</u>, 262 F 3d 412 (2d Cr 2001))

A party in your lawsuit has filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which means that summary judgment will be granted if the Court finds that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

## Failure to Respond to A Motion For Summary Judgment May Result in The Grant of Judgment in Favor of The Party Seeking Summary Judgment and The Dismissal of All or Part of The Case.

### <u>Opposing Affidavits and Exhibits</u>

Therefore, if the motion seeks summary judgment against you, you **MUST** submit opposing papers in the form of one or more affidavits (or affirmations) made upon the personal knowledge of the person signing each affidavit. Each affidavit must set forth admissible facts and must show that the person submitting that affidavit is competent to testify as to the matters stated therein (because he or she has personal knowledge of the facts set forth in the affidavit). If you wish to submit exhibits in opposition to the motion, you may attach to the affidavit (or submit separately) sworn or certified copies or all papers or parts thereof which are referred to in an affidavit.

### <u>Statement of Material Facts Requiring a Trial</u>

If the motion seeks summary judgment against you, you **MUST** also submit a <u>separate</u>, short, and concise statement of the material facts as to which you contend there exists a genuine issue which must be tried. *See* Rule 56 of the Local Rules of Civil Procedure (available on the Western District web site at www.nywd.uscourts.gov). Note that all of the material facts which have been set forth in the statement served on you by the moving party (which that party claims are material facts about which there is no genuine issue to be tried) <u>will be deemed to have been admitted by you unless you controvert the facts in your statement of material facts presenting a genuine issue requiring a trial.</u>

### <u>Memorandum of Law</u>

If the motion seeks summary judgment against you, you **MUST** also submit a <u>separate</u> answering memorandum of law, Local Rule 7.1(e), which may not exceed 25 pages in length without prior approval of the Court, Local Rule 7.1(f). Failure to comply may result in the motion being decided against the noncomplying party

**NOTE:** If you are the party bringing the summary judgment motion, you may file reply papers ONLY if you state on the notice of motion that you wish to do so and/or if the court order scheduling the motion gives you the opportunity for doing so. See Local Rules of Civil Procedure Rule 7.1(c).